UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VINELAND ICE AND STORAGE, LLC, and SOUTH JERSEY ICE AND COLD STORAGE, LLC, and 544 E. PEAR STREET, BLOCK 3009, LOT 1, CITY OF VINELAND, CUMBERLAND COUNTY, NEW JERSEY, <br><br> Defendants. | Civil Action No. 1:20-cv-11049 |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned counsel, acting at the request of the Regional Counsel of the United States Environmental Protection Agency ("EPA") for Region 2, files this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought under Sections 107(a), 107(*l*), and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C §§ 9607(a), 9607(*l*), and 9613(b), regarding the South Jersey Ice and Cold Storage Site ("Site"), located at 544 E. Pear Street in Vineland, Cumberland County, New Jersey and identified as Block 3009, Lot 1 on the current tax map of the City of Vineland.

2. Plaintiff, the United States of America, seeks:

a. Recovery against Defendants Vineland Ice and Storage, LLC ("Vineland Ice") and South Jersey Ice and Cold Storage LLC ("South Jersey Ice") for response costs, including enforcement costs, incurred by the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from the Site;

b. A declaratory judgment, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against Defendants Vineland Ice and South Jersey Ice on liability for response costs, including enforcement costs, or damages that will be binding in any action or subsequent actions to recover further response costs, plus interest thereon; and

c. Recovery in rem of all costs constituting the lien of the United States under Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*) ("CERCLA lien"), against Defendant 544 E. Pear Street, identified as Block 3009, Lot 1 on the current tax map of the City of Vineland, Cumberland County, New Jersey (the "Property").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and over Defendants Vineland Ice and South Jersey Ice under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

4. This Court has jurisdiction in rem over the Property under Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), and Federal Rule of Civil Procedure 4(n).

5. Venue is proper in this judicial district for the claims against Defendants Vineland Ice and South Jersey Ice under 28 U.S.C. §§ 1391(b), 1391(c), and 1395, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the release or threatened release of hazardous

substances that gave rise to these claims occurred in this district, and because the Site is located in this district.

6. Venue is proper in this judicial district for the in rem claim against the Property under 28 U.S.C. §§ 1391(b) and 1395, and Section 107(*l*)(4) of CERCLA, 42 U.S.C. 9607(*l*)(4), because the Property is located in this district and the response action occurred in this district.

## DEFENDANTS

7. Defendant Vineland Ice is a New Jersey domestic limited liability company formed in 1997.

8. Defendant South Jersey Ice is a New Jersey domestic limited liability company formed in 2013.

9. Defendant Property, located at 544 E. Pear Street in Vineland, Cumberland County, New Jersey and identified as Block 3009, Lot 1 on the current tax map of the City of Vineland, is the subject of the United States' in rem claim in this action.

## STATUTORY BACKGROUND

10. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions under Sections 101(25) and 104(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9604(a).

11. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides in pertinent part:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to

        such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment. . . .

12. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

        Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –

    (1)    the owner and operator of a vessel or a facility, [and]

    (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

        \*   \*   \*

shall be liable for –

    (A)    all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan.

13. Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), provides in pertinent part:

    (1)    In general

        All costs and damages for which a person is liable to the United States under subsection (a) of this section . . . shall constitute a lien in favor of the United States upon all property and rights to such real property which –

    (A)    belong to such person; and

    (B)    are subject to or affected by a removal or remedial action.

    (2)    Duration

        The lien imposed by this subsection shall arise at the later of the following:

    (A)    The time costs are first incurred by the United States with respect to a response action under this chapter.

    (B)    The time that the person referred to in paragraph (1) is provided (by certified or registered mail) written notice of potential liability.

>Such lien shall continue until the liability for the costs (or a judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the statute of limitations provided in section 9613 of this title.
>
>(3) Notice and validity
>
>The lien imposed by this subsection shall be subject to the rights of any purchaser, holder of a security interest, or judgment lien creditor whose interest is perfected under applicable State law before notice of the lien has been filed in the appropriate office within the State (or county or other governmental subdivision), as designated by State law, in which the real property subject to the lien is located. . . .
>
>(4) Action in rem
>
>The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred.  Nothing in this subsection shall affect the right of the United States to bring an action against any person to recover all costs and damages for which such person is liable under subsection (a) of this section.

## SITE DESCRIPTION AND FACTUAL BACKGROUND

14. The Site is located in a residential neighborhood in the City of Vineland, New Jersey and is comprised of a 25,000 square-foot, three-story cold storage warehouse and ice block manufacturing facility that operated from approximately 1922 to approximately 2016.

15. Vineland Ice took ownership of the Property by deed dated March 31, 1998.

16. South Jersey Ice assumed operations of the facility on or about August 30, 2013.

17. The Site facility used anhydrous ammonia as a refrigerant.

18. Anhydrous ammonia is a flammable gas and is highly toxic.  Exposure to ammonia vapors can result in immediate and severe damage to eyes, lungs, and mucus membranes of the oral cavity and nasopharyngeal tract.

19. Ammonia is a "hazardous substance" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

20. On June 23 and June 28, 2016, EPA conducted Site inspections and facility assessments, during which EPA identified concerns with the facility's refrigeration system, including severely corroded and inoperable pressure process control and relief safety valves, uninspected piping and vessels, dangerous ice buildup on refrigeration coils (which could increase the load beyond breakpoint), and serious ice buildup and stress on building integrity.

21. EPA determined that the lack of preventative maintenance on the facility's refrigeration system, the inability to adequately operate the refrigeration system in the event of an over-pressurization of the system, and the configuration of the facility's emergency relief valves for high-pressure vessels, which discharged directly into the surrounding residential neighborhood, presented an immediate threat to public safety and raised concerns about the ability of mechanical contractors to perform work directly on the outdoor components of the refrigeration system.

22. Following EPA's Site inspections, on July 2, 2016, EPA initiated 24-hour air monitoring for anhydrous ammonia on- and off-site.

23. Due to the immediate threats posed by the facility, EPA temporarily relocated the residents of seven homes adjacent to the facility.

24. On July 9, 2016, EPA's contractor installed an aqueous scrubber to contain potential discharges from the facility's refrigeration system's high-pressure emergency relief vents.

25. On July 11 and July 16, 2016, EPA performed additional assessments of the building and the refrigeration system.

26. Between July 21 and August 19, 2016, EPA removed approximately 9,700 pounds of anhydrous ammonia from the facility's refrigeration system and vented the emptied system to the atmosphere.

27. EPA also removed approximately 37,000 gallons of brine solution from a tank in the facility's ice block manufacturing process area, as well as approximately 3,700 gallons of meltwater, 18,000 gallons of fluid from the scrubber unit, and three 55-gallon drums of waste oil collected from the compressor units on the refrigeration system.

28. EPA completed the removal action on August 23, 2016.

29. By letter dated March 13, 2019, EPA sent South Jersey Ice a Notice of Potential Liability and Request for Information under CERCLA.

30. By letter dated May 30, 2019, EPA sent Vineland Ice a Notice of Potential Liability and Request for Information under CERCLA.

31. By letter dated June 12, 2019, EPA provided notice to Vineland Ice that EPA filed the CERCLA lien on the Property and informed Vineland Ice of the opportunity to confer about EPA's decision to perfect the lien.

32. On June 12, 2019, and under Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), EPA filed a Notice of Federal Lien against the Property, recorded on June 20, 2019 in the Cumberland County Clerk's Office in Book 04181 of Mortgages for said County at page 7587.

## GENERAL ALLEGATIONS

33. Defendant Vineland Ice is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

34. Defendant South Jersey Ice is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

35. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), which defines a "facility" in pertinent part as "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ."

36. There have been "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the Site.

37. As a result of the release or substantial threat of release of hazardous substances into the environment at or from the Site, the United States has incurred and will continue to incur "response costs," as defined in Section 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, with respect to "removal" actions, as defined in Section 101(23) of CERCLA, 42 U.S.C. § 9601(23), undertaken at or in connection with contamination at the Site under Section 104 of CERCLA, 42 U.S.C. § 9604.

38. The United States has incurred at least $970,604.10 through July 31, 2020 in unreimbursed response costs relating to the Site.

39. The response costs incurred by the United States relating to the Site were incurred in a manner not inconsistent with the National Oil and Hazardous Substances Contingency Plan, 40 C.F.R. Part 300.

40. Defendants are liable for the United States' unrecovered past response costs, including enforcement costs, incurred in connection with the Site, and additional response costs, including enforcement costs, the United States may incur in connection with the Site.

## FIRST CLAIM FOR RELIEF

Cost Recovery under Section 107(a) of CERCLA (Vineland Ice)

41. Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. Defendant Vineland Ice is a current owner of the Site.

43. Defendant Vineland Ice is a former owner of the Site at the time of disposal of hazardous substances at the Site, from which there has been a release or threatened release of hazardous substances.

44. Defendant Vineland Ice is liable under Sections 107(a)(1) and (a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (a)(2), as a person who owns a facility and a person who owned a facility at the time of disposal of hazardous substances at the facility, from which there has been a release or threatened release of hazardous substances, for response costs incurred by the United States relating to the Site.

45. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant Vineland Ice is jointly and severally liable to the United States for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and interest.

46. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant Vineland Ice is jointly and severally liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future response costs to be incurred by the United States relating to the Site, including enforcement costs and interest.

## SECOND CLAIM FOR RELIEF

Cost Recovery under Section 107(a) of CERCLA (South Jersey Ice)

47. Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

48. Defendant South Jersey Ice is a former operator of the Site at the time of disposal of hazardous substances at the Site, from which there has been a release or threatened release of hazardous substances.

49. Defendant South Jersey Ice is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who operated a facility at the time of disposal of hazardous substances at the facility, from which there has been a release or threatened release of hazardous substances, for response costs incurred by the United States relating to the Site.

50. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant South Jersey Ice is jointly and severally liable to the United States for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and interest.

51. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant South Jersey Ice is jointly and severally liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future response costs to be incurred by the United States relating to the Site, including enforcement costs and interest.

### THIRD CLAIM FOR RELIEF

In Rem Claim under Section 107(*l*) of CERCLA

52. Paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53. Under Section 107(*l*)(1) of CERCLA, 42 U.S.C. § 9607(*l*)(1), the costs incurred by the United States in this matter constitute a CERCLA lien upon the real property which is subject to or affected by the response actions taken by EPA with respect to the Site.

54. A notice of CERCLA lien has been properly recorded under Section 107(*l*)(3) of CERCLA, 42 U.S.C. § 9607(*l*)(3), with respect to the Property.

55. Under Section 107(*l*)(2) of CERCLA, 42 U.S.C. § 9607(*l*)(2), the CERCLA lien will continue until liability for the United States' unreimbursed response costs incurred in connection with the Site is satisfied.

56. Under Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), the costs constituting the CERCLA lien may be recovered in an action in rem before this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a. Enter judgment in favor of the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Defendants Vineland Ice and South Jersey Ice jointly and severally liable for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and interest;

b. Enter a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on the joint and several liability of Vineland Ice and South Jersey Ice that will be binding in any subsequent action for recovery of future response costs relating to the Site, including enforcement costs and interest;

c. Order that Defendant Property, known as 544 E. Pear Street in Vineland, Cumberland County, New Jersey and identified as Block 3009, Lot 1 on the current tax map of the City of Vineland, be sold and that the proceeds from such sale be paid to the United States in reimbursement of response costs covered by the CERCLA lien;

d. Award the United States its costs and fees in this action; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ELLEN M. MAHAN
Deputy Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
Washington, D.C. 20530

DATE: 8.21.2020         s/ Elias L. Quinn
ELIAS L. QUINN (CO# 42159)
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-2756
elias.quinn@usdoj.gov

CRAIG CARPENITO
United States Attorney
District of New Jersey

JESSICA O'NEILL
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
401 Market Street, 4th Floor
Camden, NJ  08101
(856) 757-5139

OF COUNSEL

KRISTA E. YACOVONE
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY  10007-1855
(212) 637-3095

## **CERTIFICATION UNDER LOCAL CIVIL RULE 11.2**

      In accordance with 28 U.S.C. § 1746, I certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                s/ Elias L. Quinn
                ELIAS L. QUINN
                Senior Attorney
                U.S. Department of Justice
                Environment and Natural Resources Division
                Environmental Enforcement Section
                P.O. Box 7611
                Washington, DC  20044-7611
                (202) 514-2756
                elias.quinn@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.